1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAMON J. LYNCH, JR.,                         No.  2:16-cv-00448 AC P

12                       Petitioner,

13          v.                                      ORDER and

14    STATE OF CALIFORNIA,[1]                       FINDINGS AND RECOMMENDATIONS

15                       Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  This action is referred to the undersigned United States Magistrate

20   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

21          Petitioner has submitted a declaration that makes the showing required by Section 1915.

22   Accordingly, petitioner's request to proceed in forma pauperis will be granted.  See 28 U.S.C. §

23   1915(a).

24          Review of the petition for habeas corpus reveals that petitioner failed to exhaust his state

25   court remedies as to any of his claims.  Petitioner has presented none of his claims to the

26   _____

     [1]  Petitioner is informed that a federal petition for writ of habeas corpus must name as respondent
27   the state officer having custody of petitioner (i.e. the warden of petitioner's place of
     incarceration).  See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S.
     District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California
28   Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

                                                    1

1  California Supreme Court on direct or collateral review.  This court's review of the dockets for

2  the California Supreme Court and Courts of Appeal confirms this assessment.[2]

3        The exhaustion of state court remedies is a prerequisite to granting a federal petition for

4  writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  A petitioner satisfies this exhaustion

5  requirement by providing the highest state court (in this case, the California Supreme Court) with

6  a full and fair opportunity to consider all claims before presenting them to the federal court.

7  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.

8  1985), cert. denied, 478 U.S. 1021 (1986).  Therefore, petitioner must exhaust his claims in the

9  California Supreme Court before he can present them to this court.  Accordingly, the petition

10  should be dismissed without prejudice.[3]

11        Good cause appearing, IT IS HEREBY ORDERED that:

12        1.  Petitioner's request to proceed in forma pauperis, ECF No. 2, is granted; and

13        2.  The Clerk of Court is directed to randomly assign a district judge to this action.

14        Additionally, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of

15  habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

16        These findings and recommendations will be submitted to the United States District Judge

17  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, petitioner may file written

19  objections with the court.  The document should be captioned "Objections to Findings and

20  ////

21  ////

22  ////

23  [2]  This court may take judicial notice of its own records and the records of other courts.  See
24  United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
    F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
25  that are capable of accurate determination by sources whose accuracy cannot reasonably be
    questioned).
26  [3]  Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations
    for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
27  will start to run on the date when the state court judgment became final by the conclusion of
    direct review or the expiration of time for seeking direct review, although the statute of
28  limitations is tolled while a properly filed application for state post-conviction or other collateral
    review is pending.  See 28 U.S.C. § 2244(d).

Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3