UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON J. LYNCH, JR., | No. 2:16-cv-0448 JAM AC P |
| Petitioner, | |
| v. | |
| SUZANNE M. PEERY,[1] | ORDER |
| Respondent. | |

Petitioner is a state prisoner at the California Correctional Center (CCC) in Susanville, proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By findings and recommendations filed March 25, 2016, this court recommended the dismissal of this action without prejudice because the petition contains only claims that have not been exhausted in the state courts.  See ECF No. 4.  However, in light of the recent decision by the Ninth Circuit Court of Appeal in Mena v. Long, 813 F.3d 907 (Feb. 17, 2016), petitioner is entitled to request a stay of his petition in this court while he exhausts his claims in the state courts.  Additionally, petitioner has now consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).

---

[1] Warden Suzanne M. Peery is substituted as respondent herein.  A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner.  See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

<u>See</u> ECF No. 5.  For these reasons, the court withdraws its prior recommendation and grants petitioner leave to file a motion requesting a stay of this action under the circumstances identified in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), as set forth below.

Accordingly, IT IS HEREBY ORDERED that:

1. This court's recommendation that this action be dismissed without prejudice for failure to exhaust state court remedies, ECF No. 4, is vacated; the remainder of the court's order remains valid.

2. Petitioner may, within thirty days after the filing date of this order, file a motion to stay and hold in abeyance this action upon demonstration that "'petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'"  <u>Mena v. Long</u>, 813 F.3d at 910 (quoting <u>Rhines v. Weber</u>, 544 U.S. at 278).

3. Petitioner's failure to timely file such motion will result in the dismissal of this action without prejudice.[2]

SO ORDERED.

DATED: April 12, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date when the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  <u>See</u> 28 U.S.C. § 2244(d).