UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON J. LYNCH, JR., | No. 2:16-cv-0448 AC P |
| Petitioner, | |
| v. | |
| SUZANNE M. PEERY, | ORDER |
| Respondent. | |

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, and has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes.[1]  See ECF Nos. 1, 5.  In response to this court's orders filed April 13, 2016 (ECF No. 6), and June 10, 2016 (ECF No. 8), petitioner now requests that this habeas corpus action be stayed and held in abeyance until petitioner exhausts his state court remedies.  See ECF No. 10.

Upon initial review of the petition, this court had recommended dismissal without prejudice due to petitioner's clear failure to exhaust his state court remedies.  See ECF No. 4. The court later reconsidered, based on the Ninth Circuit's ruling in Mena v. Long, 813 F.3d 907 (9th Cir., Feb. 17, 2016).  Pursuant to Mena, petitioner was informed of the following requirements for obtaining a stay of his fully unexhausted petition pending the exhaustion of his

---

[1] As a result of petitioner's consent to the jurisdiction of the Magistrate Judge, this case is no longer referred to the District Judge, as previously noted by this court.  See ECF No. 6 at 1-2.

1

state court remedies, ECF No. 6 at 2:

> Petitioner may . . . file a motion to stay and hold in abeyance this action upon demonstration that "'petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena v. Long, 813 F.3d at 910 (quoting Rhines v. Weber, 544 U.S. [269] at 278 [(2005)]).

In response, petitioner filed the instant one-paragraph stay request that provides in full, ECF No. 10 at 1:

> If all state remedies have not been exhausted, then I Damon J. Lynch Jr. would like to request a motion to stay and hold in abeyance this action until all state remedies are exhausted. However if all state remedies have been exhausted then I'd like to proceed with this action. I accept Judge Claire as my Judge.

Attached is a copy of the December 8, 2015 decision of the California Court of Appeal, Third District, dismissing as moot petitioner's appeal on his claim that the trial court abused its discretion when it denied petitioner's request to be released on his own recognizance pending sentencing pursuant to People v. Cruz (1988) 44 Cal. 3d 1247.  See ECF No. 10 at 2-7.

Petitioner previously informed this court of the state Court of Appeal's dismissal of his appeal.  See ECF No. 1 at 2.  Moreover, the substance of this appeal is not relevant to the claims set forth in the pending federal petition.[2]

Exhaustion of state court remedies is a prerequisite for granting a federal petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  Petitioner has failed to demonstrate good cause for his failure to exhaust his claims before filing the instant federal petition, or his failure to make any progress in exhausting his claims after filing his petition, despite direction by the court. Mena, 813 F.3d at 910.  While this court is unable to assess, on the present record, the potential merit of petitioner's federal claims, petitioner's recent filing indicates that he has been dilatory in pursuing this action, whether or not the delay was intentional.  Id.  The court construes these

---

[2] Petitioner's petition identifies the following four claims:  (1) "Conviction obtained by use of coerced confession, evidence[] obtained by coercion."  (2) "Conviction obtained by violation of the privilege against self-incrimination."  (3) "Conviction obtained by the unconstitutional failure to disclose to the jury evidence favorable to the defendant."  (4) "Conviction obtained by rewording/altering the pre-written CalCrim 1650 jury instructions."  See ECF No. 1 at 4-5.

matters as a failure to prosecute this action and failure to comply with an order of this court.  So construed, the court is required to dismiss this action without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

      Accordingly, IT IS HEREBY ORDERED that:

      1.  This action is dismissed without prejudice.[3]  <u>See</u> Fed. R. Civ. P. 41(b).

      2.  The Clerk of Court is directed to note on the docket that this case is no longer referred to the District Judge, effective March 28, 2016 (<u>see</u> ECF No. 5), and to close this case.

DATED: November 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3]  Petitioner is informed that there is a one-year statute of limitations for filing a federal habeas petition which runs, inter alia, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  This limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).